# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1254V
Filed: November 15, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
STACEY SPOSSEY,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Damages Decision Based on Proffer; Influenza ("flu") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU")

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Jennifer L. Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 26, 2015, Stacey Spossey, ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she received an influenza ("flu") vaccine on October 17, 2014, and subsequently suffered an injury to her left shoulder as a result. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On January 15, 2016, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On November 14, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $215,000.00. Proffer at 2. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $215,000.00 in the form of a check payable to petitioner, Stacey Spossey.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STACEY SPOSSEY,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 15-1254V<br>Chief Special Master Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 26, 2015, Stacey Spossey ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. On January 15, 2016, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to compensation, as petitioner's alleged left shoulder injury is consistent with shoulder injury related to vaccine administration ("SIRVA"), no other cause for petitioner's condition has been identified, and petitioner has met the statutory requirements by suffering the residual effects of her condition for more than six months. In light of respondent's concession, on January 15, 2016, the special master found petitioner entitled to compensation.[1]

---

[1] At the time the Rule 4(c) Report was filed, petitioner was still rehabilitating from surgery on her left shoulder. *See* Rule 4(c) Report at 3-4. Thereafter, on April 12, 2016, petitioner underwent a second shoulder surgery. Pet. Ex. 25 at 15. She suffered serious complications, including venous thrombosis and two acute pulmonary embolisms, for which she now requires lifelong anti-coagulant therapy. Pet. Ex. 25 at 11-13; Pet. Ex. 26 at 22. Petitioner had a significant history of menorrhagia that had been managed well with hormone therapy. Said therapy had to be discontinued, however, due to these clotting issues. *See generally* Pet. Ex. 7, 29, 30. As a result, petitioner's abnormal menses became insufferably heavy, causing her gynecologist to recommend a hysterectomy, which she underwent in June 2016. *See generally* Pet. Ex. 27. While this fact pattern is unique, DICP believes that these events are complications of petitioner's SIRVA.

1

I.  **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $215,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$215,000.00** in the form of a check payable to petitioner.[2]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

3

                                      Benjamin Franklin Station
                                      Washington, D.C. 20044-0146
                                      Tel:  (202) 305-1586

Date:  <u>November 14, 2016</u>